**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4207**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERON PARRISH,

Defendant - Appellant.

**No. 20-4208**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE PARRISH,

Defendant - Appellant.

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, District Judge.  (1:19-cr-00030-TSK-MJA-1; 1:19-cr-00030-TSK-MJA-2)

Submitted:  February 26, 2021                    Decided:  April 13, 2021

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

L. Richard Walker, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia; Charles T. Berry, Kingmont, West Virginia, for Appellants. William J. Powell, United States Attorney, Wheeling, West Virginia, Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

DeRon Parrish pleaded guilty to unlawful possession of a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and Andre Parrish pleaded guilty to unlawful possession of a firearm as a drug user in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2). The Parrishes (collectively, "Defendants") reserved their rights to challenge on appeal the district court's denial of their motion to suppress the evidence seized pursuant to a search warrant. On appeal, Defendants contend that the search warrant was issued in violation of the Fourth Amendment because (1) it was presented by an unknown officer who did not communicate with the drafting officer, and (2) it was not supported by an oath or affirmation. The Government asserts that the search warrant was validly issued and, in the alternative, that the good faith exception applies. We affirm.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo[,] . . . constru[ing] the evidence in the light most favorable to the prevailing party." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (citation and internal quotation marks omitted). The Fourth Amendment provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation. . . . ." U.S. Const. amend. IV. "[W]hen the police act with an objectively reasonable good-faith belief that their conduct is lawful, or when their conduct involves only simple, isolated negligence, the deterrence rationale [of the exclusionary rule] loses much of its force, and exclusion cannot pay its way." *Davis v. United States*, 564 U.S. 229, 238 (2011) (citations

3

and internal quotation marks omitted). "The 'pertinent analysis of deterrence and culpability is objective, not an inquiry into the subjective awareness of [the] officers,' and the 'good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal in light of all of the circumstances.'" *United States v. Stephens*, 764 F.3d 327, 335 (4th Cir. 2014) (quoting *Herring v. United States*, 555 U.S. 135, 145 (2009)). The good faith exception does not apply if: (1) the affiant misleads the judge by knowingly or recklessly providing false information, (2) "the issuing [judge] wholly abandon[s] his judicial role," (3) the warrant's supporting affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or (4) the warrant is facially deficient. *United States v. Leon*, 468 U.S. 897, 923 (1984).

Assuming, without deciding, that the search warrant was defective, Defendants failed to establish that any of the four exceptions to the exclusionary rule outlined in *Leon* apply. Accordingly, we conclude that the district court did not err in denying the motion to suppress, and we affirm the criminal judgments.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4